UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN BENJAMIN ) | |
| ) | |
| Plaintiff, ) | 2:11-CV-00881-LRH-CWH |
| ) | |
| v. ) | |
| ) | ORDER |
| ALLIED INTERSTATE, a Minnesota ) | |
| Business Entity, et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is Defendant Allied Interstate's Motion to Dismiss Plaintiff's Complaint (#9[1]). In response, Plaintiff Steven Benjamin timely filed an Amended Complaint (#14) as of right, rendering the motion moot.

Also, before the court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (#17). In response, Plaintiff filed an Opposition, or in the Alternative, Motion for Leave to File Amended Complaint (#18), Defendants filed a Reply (#19), and Plaintiff filed a Response Supporting His Motion, in the Alternative, for Leave to File Amended Complaint (#21).

Also before the court is Defendant's Motion to Strike Plaintiff's Sur-reply or in the Alternative, Motion for Leave to File Response to Sur-reply (#22), Plaintiff's opposition (#23), and Defendant's reply (#24).

---

[1] Refers to the court's docket entry number.

### I.     Facts and Procedural History

This is an action under the Nevada Deceptive Trade Practices Act (DTPA) and the federal Fair Debt Collection Practices Act (FDCPA).  Plaintiff allegedly owes a past-due consumer debt that Defendant, a debt collection agency, is seeking to collect.  In June 2010, Plaintiff received a collection letter from Defendant demanding payment of the debt.  The letter identifies the debt sought to be collected as "Amount Due: $1,062.39."  Plaintiff alleges, based on information and belief, that "this amount exceeds the principal amount allegedly owed, and includes unspecified sums for interest, charges, fees and/or expenses which are incidental to the principal amount allegedly owed."  Amended Complaint (#14), ¶ 21.  Plaintiff further alleges that this failure to itemize charges in addition to principal violates Nevada and federal law.

### II.    Legal Standard

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged.  *See id.* at 1949-50.  "The plausibility

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted).  However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted).  The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.)  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

**III.    Discussion**

   **A.  Motion to Dismiss**

The Nevada DTPA prohibits collection agencies from collecting or attempting to collect "any interest, charge, fee or expense incidental to the principal obligation unless:" the incidental item was added to the principal of the debt either (a) "by the [original] creditor before receipt of the item of collection," or (b) "by the collection agency and described as such in the first written communication with the debtor."  NRS 649.375(2).  In other words, collection agencies *may* attempt to collect such incidental charges beyond the principal owing.  Itemization is required only if the incidental charges were added *by the collection agency* after the original creditor sent the debt to collections.  Accordingly, in an action against a collection agency premised on the failure to

itemize incidental charges, a consumer must allege that the charges were added *by the collection agency* in order to state a claim for violation of NRS 649.375(2).

Here, Plaintiff merely alleges that the amount sought to be collected "*is more* than the principal amount allegedly owed, and *includes* unspecified [*i.e.*, un-itemized] sums for interest, charges, fees and/or expense which are incidental to the principal amount allegedly owed." Amended Complaint (#14), ¶ 21 (emphasis added). Yet this fails to identify *who* added the incidental charges—the original creditor or the collection agency—thus creating a critical ambiguity in the application of NRS 649.375(2)(a) and (b). By failing to allege that Defendant, as opposed to Plaintiff's original creditor, added the alleged additional amounts, Plaintiff's complaint is "merely consistent" with Defendant's liability and "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949. The complaint therefore fails to state a claim for violation of the Nevada DTPA. Further, Plaintiff's second claim for relief under the federal FDCPA also fails, as Plaintiff himself regards the claim as "purely derivative" of the alleged state law violations. Opposition (#18), p. 5.

**B.  Motion for Leave to Amend**

Plaintiff requests leave to amend pursuant to Rule 15(a)(2) in the event the court does not deny the motion to dismiss. *See* Opposition (#18), p. 5. However, Plaintiff's request, which consists of a single sentence and is devoid of any explanation of the amendments that might be made, is wholly insufficient to be regarded as a proper motion to amend. *See* L.R. 15-1 ("the moving party shall attach the proposed amended pleading to any motion to amend").

Furthermore, even considering Plaintiff's proposed amendment, as described in his reply in support of the motion to amend, the court finds that amendment would be futile. Plaintiff proposes adding "an additional sentence" to the complaint stating that Defendant "violated NRS 649.375 by attempting to collect incidental charges over and above the principal amount allegedly owed to the original creditor when it had no evidence that such amounts were added to the principal amount by

4

the collector under color or law or by agreement of the parties to the original credit transaction." Plaintiff's Response (#21), p. 4.

Whether directed at subsection (a) or (b) of NRS 649.375(2), the court finds this supplemental allegation to be insufficient.  To the extent Plaintiff intends this allegation to buttress its failure-to-itemize claim under subsection (b), Plaintiff still fails to include any allegation that the incidental charges were added by Defendant, rather than by the original creditor.  And to the extent the amendment is directed at subsection (a), Plaintiff fails to allege that the incidental charges that Defendant is attempting to collect were in fact unauthorized by law or not agreed to by the parties. *See* NRS 649.375(2)(a) (authorizing the collection of incidental charges that are "authorized by law or . . . agreed to by the parties" and that have been added by the original creditor before being sent to collections).  Instead, the proposed amendment alleges only that Defendants failed to confirm *whether or not* the incidental charges added by the original creditor were valid.  As subsection (a) imposes no such duty to verify, but only prohibits the collection of incidentals that are *in fact* unauthorized, the complaint would continue to fail to state a claim for violation of NRS 649.375(2) even with the proposed supplemental allegation.

The identified deficiencies in the complaint would be easily cured if only Plaintiff were willing and able to make the necessary factual allegations.  After all, it is hardly difficult to allege that the incidental charges that Defendant is attempting to collect were (a) added by the original creditor but unauthorized, or (b) added by Defendant and not itemized.  Yet Plaintiff's proposed amendments fail to include such factual allegations and even appear designed to scrupulously avoid them.  The court therefore can only conclude that such allegations cannot be made and that amendment would be futile.  The action shall be dismissed accordingly.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (#9) is DENIED as moot.

1   IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (#17) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (#18) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Sur-reply or in the Alternative, Motion for Leave to File Response to Sur-reply (#22) is DENIED in part and GRANTED in part, respectively.

IT IS SO ORDERED.

DATED this 17th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE